## MURPHY v. MOON MOTOR CAR CO.

(Supreme Court, Appellate Division, Second Department.   November 17, 1911.)

1. SALES (§ 406*)—ACTION FOR BREACH—CONDITION PRECEDENT.

Where, although a contract of sale of motor cars does not show that the buyer had a right to specify the type of car to be shipped, and that the seller had no right to make a shipment until the specifications were so made, it is evident from the contemporaneous dealings of the parties and the construction placed on the contract by them that it should be so construed, the buyer cannot recover for the seller's failure to deliver a specified shipment where the required specifications were not sent, even though the seller might not have been able to deliver on time had the specifications been sent.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 406.*]

2. SALES (§ 391*)—MODIFICATION OF CONTRACT—EFFECT—DEPOSIT.

Where the buyer of motor cars deposited a certain sum on each car ordered, with a provision in the contract of sale that such deposit should be applied on the purchase price of each car as it was delivered, and by agreement of the parties the provisions of the contract in regard to one shipment were declared null, and the total number of cars sold reduced by the number of that shipment, the buyer is entitled to a return of the deposit made on those particular cars.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 391.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Joseph W. Murphy against the Moon Motor Car Company.   From a judgment for plaintiff, defendant appeals.   Modified and affirmed on condition.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Harry Eckhard, for appellant.
John S. Keith, for respondent.

PER CURIAM.   The defendant appeals from a judgment entered against it in the Municipal Court in favor of the plaintiff for the sum of $342.   The plaintiff is the assignee of whatever cause of action was possessed against the defendant by one W. Armstrong Smith.   Smith and the defendant entered into a contract in writing dated September 24, 1909, providing, among other things, for the sale of 10 automobiles to Smith, manufactured by the defendant, known as the $1,500 model of 1910.   The contract provided for the delivery of the first of said cars on or about the 15th of October, 1909.   It provided as to the remainder as follows:

"The party of the first part [the defendant] agrees to ship the remainder of said cars as follows:—three cars in February; three cars in March, and three cars in April, of the year 1910; said cars to be delivered to party of the second part [Smith] at the new York sales room of the party of the first part in good condition."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The contract likewise provided that upon the execution thereof the party of the second part (Smith) should deposit with the party of the first part (the defendant) the sum of $500, and it was provided that as against each car contracted to be sold a portion of said deposit to the extent of $50 should be applied by the seller on the purchase price. The plaintiff bases his cause of action upon an alleged breach of contract upon the part of the seller to ship six cars at the time provided for in the contract. It appears without question in the case that the $1,500 model of 1910 had three distinct styles, viz., "baby tonneau," "roadster," and "touring car." While no reference to these styles is made in the contract, yet it is evident from the contemporaneous dealings of the parties, and their construction of the contract, that the vendee, Smith, had the right to specify which styles he desired to be shipped under the provisions of the contract. No controversy has arisen as to the shipping and delivery of the first car of the ten. The dispute between the parties is wholly as to the remaining nine cars. It appears that on January 12, 1910, the defendant wrote to Smith, asking specifications for the nine cars remaining undelivered under the contract, to the effect whether "touring cars," "toy tonneau," or "roadster," and as to the colors in which they were to be painted. Smith answered in writing under date of January 19, 1910, in which he specified for the February shipment three cars in the following styles: "One baby tonneau," "one roadster," and "one touring car." In this letter some directions were given as to the necessity of prompt shipment of the cars so specified, and the following statement was set forth therein:

"We must insist, therefore, that the three cars which we are now ordering, and the six more which are still due us, and for which you will receive specifications as soon as we are able to look over the ground and find out which style body is most pleasing to the consumer, come through in first-class condition as per our contract, otherwise we shall be obliged to refuse them."

It happened that the cars covered by this order were not shipped by the defendant in February. A controversy arose between the parties about this shipment, and it was agreed by the defendant that the contract between the parties, so far as it related to the February shipment, should be deemed null and void, and that the order received for said cars should be deemed to be under the March shipment as per contract. These three cars, deemed to have been shipped under the March shipment, were accepted and paid for by Smith, and a portion of the money deposited under the contract was applied by the defendant on the purchase price of each of said cars. Unquestionably no shipment was made by the defendant of the three cars called for by the contract to be shipped in April, 1910. The defendant justifies its failure to ship these cars on the ground that it never received from Smith any order specifying the style of the cars which he desired under this shipment. Unquestionably there never were any specifications by Smith of the style of the cars desired other than that given in January, 1910, for the February shipment. It appears that the defendant, through delays in its factory, might not have been able to make

the April shipment in time had specifications been so received. There were no specifications, however, from Smith, and the defendant was not put in default as to the April shipment, unless it had the right under the contract to ship to Smith whatever style of cars it selected. That it had no such right under the agreement between the parties as interpreted by them by their contemporaneous acts and their practical construction seems unquestionable. If Smith desired to put the defendant in default, it was his duty to specify the cars which he desired.

[1] Failing to do so, he is not in a position to recover for breach of contract by the defendant. It was error, therefore, on the part of the learned trial court to award judgment in favor of the plaintiff in the sum of $300, being the amount of the deposit money remaining unapplied on the purchase of the six cars on account of the contract between Smith and the defendant.

[2] As the provisions of the contract in relation to the February shipment were treated as null and void by mutual agreement, the plaintiff was entitled to recover the sum of $150 out of the deposit money which was applicable to part payment on the purchase price of the February shipment.

The judgment of the Municipal Court should be reversed and a new trial ordered, costs to abide the event, unless the plaintiff files a stipulation within 10 days, modifying the judgment of said court by reducing it to the sum of $150 and interest and costs in said court, in which case the judgment is modified according to said stipulation, and as modified affirmed. All concur.

